Zehner v. Johnston.

ZEHNER v. JOHNSTON ET AL.

[No. 2,820.   Filed June 6, 1899.]

PRACTICE.—*Demurrer.*—*Harmless Error.*—The ruling on a demurrer to a paragraph of answer is harmless, where evidence supporting all the allegations thereof is admissible under the general denial, which is pleaded.  *p. 458.*

APPEAL AND ERROR.—*Complaint.*—*Evidence.*—Where the finding is against appellant upon every material allegation of his complaint, it will not be disturbed on appeal, if there is any evidence to sustain the judgment.  *p. 458.*

MECHANIC'S LIEN.—*Mortgages.*—*Priority.*—A mechanic's lien relates to the time when the first labor was performed, or first material furnished, and is not superior to the lien of a prior executed and recorded mortgage.  *p. 458.*

MORTGAGES. — *Unrecorded Assignment.* — *Priority of Lien.* — The priority of a mortgage lien is not affected by a failure to record an assignment thereof until after a junior lien has attached.  *p. 458.*

From the Jay Circuit Court.   *Affirmed.*

*D. T. Taylor, W. F. MacGinnitie* and *T. J. Taylor,* for appellant.

*R. H. Hartford,* for appellees.

HENLEY, J.—The question, and the only one, presented by this appeal is, is the mechanic's lien of appellant superior to the mortgage lien of the appellees?

The facts averred in the second paragraph of complaint, upon which the cause was tried, are that on the 16th day of June, 1896, appellees James M. T. Wright and Mary A. Wright were the joint owners of the fee simple of certain

land, a description of which is in the complaint set out; that said appellees began the erection of a frame house on said land, to be used as a greenhouse during the winter months, as well as during the spring, summer, and autumn months of the year; that it was necessary that it be properly fitted and plumbed with steam pipes and fittings, in order that said building could be used during the cold weather for the purpose for which it was intended; that it was also necessary to place in said building a steam boiler to furnish steam to pass through said pipes and fittings; that, on the 16th day of June, said appellees Wright and Wright had the building so far erected that the same was weather-boarded and covered with glass, and it was stocked with different kinds of flowers and plants, and upon said date it was apparent to any observer that the same was incomplete and unfinished, and that its unfinished condition was apparent to said appellees; that on said 16th day of June, 1896, the said appellees Wright and Wright sold and conveyed said real estate, together with said unfinished building situate thereon, to appellee James R. Johnston, and, as a part of the consideration for such sale and conveyance, said appellees Wright and Wright agreed with appellee Johnston that they would complete the building, by putting in the boiler and steam pipes, and fittings for heating the same; that said appellees Wright and Wright, pursuant to their agreement, did on said date, and at the time of the execution of the conveyance to said Johnston, contract with appellant to do the work and furnish them the material for said steam heating; that said work was to be done under the direction of said Johnston; that, pursuant to said contract, the appellant purchased the necessary material at a cost of $200, and did the work of placing the same in the building, and completed the same on the 10th day of October, 1896; and said steam pipes, fittings, and fixtures were accepted, and have ever since been used, by said Johnston for the purpose for which they were intended; that the work done and material furnished in

placing the steam pipe fixtures and connections in said building was worth $203.20, all of which, with interest from the 30th day of October, 1896, is due and unpaid. A bill of particulars is filed with and made a part of the complaint. The proper averments as to the filing and recording of the notice of intention to hold a lien upon the premises are found in the complaint and a copy of said notice made a part of the complaint. Attorney's fees are demanded in the sum of $100.

It is further averred that on the 16th day of June, 1896, after the deed of conveyance had been executed, and after the contract and agreement had been made with appellant to fit said building with steam pipes, etc., the purchaser of said real estate, without the knowledge of appellant, executed to Mary A. Wright a mortgage upon said real estate to secure the payment of four promissory notes, aggregating in amount $1,300, which notes fell due in two, three, four, and five years, respectively, which notes represented the purchase price of said real estate; that appellant had no actual notice of the execution of said mortgage until after he had furnished all the material, and done all of said work; that, at the time said mortgage was executed and recorded, the said appellees Johnston and Wright and Wright were in failing circumstances, and are now insolvent; that on the 18th day of June, 1896, the appellee Mary A. Wright, without any valuable consideration being paid to her, assigned the first of said notes to Weiler Bros., who, on the 18th day of December, 1896, indorsed and assigned said note to the appellee, the Citizens Bank; that on the 2nd day of July, 1896, appellee Mary A. Wright assigned said mortgage to appellee Wesley D. Sebring, but that said assignment was not recorded in the recorder's office of Jay county, Indiana, until the 18th day of December, 1896; that appellant had no notice of the assignment of the said note to Weiler Brothers, nor of the assignment of the same by said Weiler Brothers to the Citizens Bank, until after the com-

pletion of his said work on said building; and had no notice of the assignment of said mortgage to appellee Sebring until after the said assignment was recorded; that one-half of said notes which were secured by said mortgage belonged to appellee James M. T. Wright at the time the same were assigned by appellee Mary A. Wright, he having been the owner of 'one-half of the real estate at the time it was sold and conveyed to appellee Johnston; and that appellee James M. T. Wright has never sold or assigned his interest in said notes to any one. That appellees, Morris Weiler and Abraham Weiler, the Citizens Bank, and Wesley D. Sebring knew at the time they took the assignments of said notes and mortgage that the appellee James M. T. Wright was at the time of the conveyance of said real estate the owner of one-half thereof, and was entitled to receive one-half the purchase money therefor, and they knew said notes and· mortgage were given for the purchase money of said real estate; that said land without the building was worth $100; that the building without the steam pipes and fixtures placed therein by appellant was worth $200; that the real estate and building, as completed, for the purpose for which it was intended, was worth $750, and that it was encumbered with assessments for street improvements to the amount of $1,000.

The prayer of the complaint is that appellant have judgment against appellees James M. T. Wright and Mary A. Wright for $400, and attorney's fees, and a foreclosure of said lien against all the appellees; and that his said lien be adjudged and decreed to be senior and paramount to the lien of the mortgage held by appellees, and if the court should find that either of the appellees, the Citizens Bank or Wesley Sebring, had a paramount lien to that of appellant on said real estate, that the court adjudge and decree that appellant's lien is prior and paramount to the lien of said mortgage, on the building, steam pipes, steam fittings, fixtures, connections, and machinery therein, and that the same be ordered sold by the sheriff separate from the real estate,

and the proceeds of such sale applied first to the payment of appellant's lien, after payment of costs properly taxed in this cause, and that the purchaser be allowed ninety days from the date of sale in which to remove the said building, steam pipes, fittings, etc., and for all proper relief.

The appellee, the Citizens Bank, filed an answer in two paragraphs, the first paragraph being a special answer, and the second a general denial. Appellant demurred to the first paragraph of the said answer for want of sufficient facts. The demurrer was overruled. In this answer it was averred that appellees Wright and Wright were the owners of the real estate described in the complaint on the 16th day of June, 1896; that on this real estate there was located two houses which were occupied by said Wrights, and in which were kept for sale flowers and plants; that, on said last mentioned date, the said owners conveyed said real estate by warranty deed to appellee Johnston, the purchase price therefor being $1,300; that to secure the payment of said purchase money said Johnston executed to said Mary A. Wright a mortgage upon said real estate so conveyed to him; that the debt secured was represented by four promissory notes of date June 11, 1896, due respectively in two, three, four, and five years, and made payable to said Mary A. Wright, or order, at the First National Bank of Dunkirk, in Jay county, Indiana; that said mortgage was duly recorded on the 17th day of June, 1896, in the recorder's office of Jay county, where said real estate is situate, in mortgage record number 16 at page 186; that at the time of the execution of said notes and mortgage, and at the time of the recording of said mortgage, appellant had not contracted or agreed, and had no contract or agreement whatever, with appellees Wright and Wright, or with any one else, to furnish the material, and perform the labor for which this action was commenced; that appellant made no contract to furnish said material, and do said work, and no material was furnished or work done by him until the 18th day of

August, 1896; and that said contract and agreement was entered into between appellant and appellee Johnston on the 18th day of August, 1896, without the knowledge or consent of appellees Wright and Wright, or this appellee, the Citizens Bank; that on the——day of June, 1896, before any contract was entered into between appellant and appellee Johnston for the furnishing of any material and labor, as alleged in the complaint, the said Mary A. Wright, for a valuable consideration, before maturity, and in the usual course of business, and with no notice to said Citizens Bank of any contract, as alleged, between said appellant and said Johnston, transferred, assigned, and indorsed the first of said notes and said mortgage to said Weiler and Weiler, who on the —— day of June, 1896, in the usual course of business, for a valuable consideration, and before maturity, and without notice of the claims of appellant, sold, transferred, and indorsed said note and mortgage, in writing, to the appellee the Citizens Bank; that at the time of the sale and transfer of said note to said Weiler and Weiler, and to this appellee, no machinery, pipes, or fittings had been furnished to said Johnston, or to either of the said Wrights, by appellant to be used or placed upon said real estate; that said note is not due. Appellee, the Citizens Bank, asks that its rights be protected, and that the mortgage securing the said note be declared superior to the lien of appellant's claim.

Appellees Abraham Weiler and Morris Weiler, and appellee Wesley D. Sebring, separately answered in two paragraphs,—the first paragraph of which answers were general denials; the second paragraph being substantially the same as the first paragraph of the answer of the Citizens Bank, the substance of which we have heretofore set out.

Appellant's demurrer for want of facts, directed to the separate special answers filed by appellees, was overruled. There was a trial by the court, and a finding that appellant ought to recover from appellee James M. T. Wright the sum of $271.08, and that the said sum was a lien upon the real es-

tate described in the complaint, but a junior and subsequent lien to the lien of the mortgage on said real estate held by appellees the Citizens Bank and Wesley D. Sebring. Over appellant's motion for a new trial, judgment was rendered in accordance with the finding.

It is contended by appellant that the court erred in overruling the demurrer to the first paragraph of the answer of the Citizens Bank. The general denial was also pleaded, and, under the issue thus formed, all the evidence was admissible. The action of the court in overruling the demurrer was not harmful to appellant. *Sohn* v. *Jervis*, 101 Ind. 578. For the same reason, the action of the court in overruling appellant's demurrers to each of the second paragraphs of the separate answers of appellees Weiler and Weiler and Sebring is not available error.

It is urged by appellant's counsel that the judgment of the court is not sustained by sufficient evidence, and that it is contrary to law. We observe at the outset that this is a cause tried upon the issues formed by a complaint and answer of general denial. The facts were not specially found. The finding of the lower court was therefore against appellant upon every material allegation of his complaint, and if there is any evidence to sustain the judgment it will not be disturbed. The lien of a mortgage, if it be recorded within the time prescribed by the statute, attaches at the time of its execution. The lien of a mechanic, under our statute, relates to the time when the work for which the lien is claimed was commenced, or to when the first material for which the lien is claimed was furnished. Section 7258 Burns 1894. The uncontradicted evidence in this case was to the effect that the mortgage was executed and recorded long before the work was done and material furnished for which appellant prosecutes this action. The fact that appellee Sebring failed to record the assignment of the mortgage to him did not change the time the mortgage lien at-

tached.   It could not affect its priority.   Jones on Mortgages, section 558.

Whether or not the building was in an unfinished and incomplete state at the time the mortgage was taken, and whether or not the work and material furnished by appellant were necessary to its completion, were disputed questions of fact, which can not be inquired into upon appeal.   We find no reversible error in the record.   Judgment affirmed.