The PROVIDENT BANK,
Appellant–Defendant,

v.

TRI–COUNTY SOUTHSIDE ASPHALT,
INC., Appellee–Plaintiff.

No. 49A02–0304–CV–341.

Court of Appeals of Indiana.

Feb. 27, 2004.

A. Donald Wiles, II, Mark W. Pfeiffer, Harrison & Moberly, Indianapolis, IN, Douglas Haman, Cincinnati, OH, for Appellant.

Robert G. Elrod, Jonathan R. Elrod, Elrod & Mascher, Indianapolis, IN, for Appellee.

## OPINION

BAKER, Judge.

This case presents an issue of priority between the lien of a mortgage on real estate with a residence thereon and a mechanic's lien for the value of a driveway constructed on the property after the mortgage had been recorded. Appellant-defendant Provident Bank ("Provident"), the holder of the mortgage lien, appeals the trial court's entry of summary judgment in favor of the appellee-plaintiff Tri–County Southside Asphalt, Inc. ("Tri–County"), the holder of the mechanic's lien. Concluding that the mortgage lien has priority as to the land and buildings, we reverse the trial court.

### FACTS

The facts most favorable to Provident, the non-moving party, reveal that on December 9, 1998, April Repass extended a mortgage for her single-family residence located in Indianapolis, Indiana ("the Property"), in favor of Bank One, N.A. ("Bank One"), in the amount of $186,900. Bank One recorded this mortgage on February 5, 1999. On November 5, 1999, Repass conferred a second mortgage for the Property in the amount of $229,500. This mortgage is currently owned by Provident and was recorded on December 3, 1999. On June 7, 2000, Repass entered into a contract with Tri–County, whereby Tri–County agreed to pave an asphalt driveway on the Property. On June 13, 2000, Tri–County furnished labor and materials for paving the driveway. Tri–County received no payment for its services, and, on August 11, 2000, it recorded a mechanic's lien on the Property in the amount of $6,296.01.

Tri–County filed a complaint to foreclose on its mechanic's lien and named Bank One and Provident as defendants. Bank One filed its own complaint to foreclose its

mortgage, naming Provident and Tri–County as defendants. The two actions were consolidated.

Tri–County filed a motion for summary judgment, claiming that no genuine issue of fact remained for trial and that it was entitled to judgment as a matter of law. Bank One also filed a motion for summary judgment. The trial court granted Tri–County's motion for summary judgment but denied Bank One's motion. The trial court's order provided, in relevant part:

> [Tri–County] is entitled to judgment on its mechanic's lien in the amount of six thousand two hundred ninety six dollars and 01/100 ($6,296.01).... Said lien has priority over all but the appropriate tax liens.

Appellant's App. p. 15. Both Provident and Bank One filed motions to correct error, which the trial court denied. Provident now appeals.[1]

### DISCUSSION AND DECISION

#### I. Standard of Review

We first note that the party appealing from "a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous." *Severson v. Bd. of Tr. of Purdue Univ.*, 777 N.E.2d 1181, 1188 (Ind. Ct.App.2002). Summary judgment is appropriate only if the pleadings and designated evidence show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). "On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party." *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 909 (Ind.2001). When reviewing a trial court's statutory interpretation, however, we use a de novo standard because in such matters we "owe the trial court no deference." *Family & Soc. Servs. Admin. v. Schluttenhofer*, 750 N.E.2d 429, 432 (Ind.Ct.App. 2001).

#### II. Indiana Code Section 32–21–4–1(b)

The priority of encumbrances on land is governed by Indiana Code section 32–21–4–1(b), which provides that "[a] conveyance, mortgage, or lease takes priority according to the time of its filing." Provident recorded its mortgage lien on December 3, 1999. Our mechanic's lien statute, Indiana Code section 32–28–3–5, states that "[t]he recorded lien relates back to the date the mechanic or other person began to perform the labor or furnish the materials or machinery." Tri–County began paving the driveway on June 13, 2000. Thus, by virtue of its earlier recordation date, Provident's mortgage lien has priority over Tri–County's mechanic's lien with respect to the land and attached buildings. *Greyhound Financial Corp. v. R.L.C., Inc.*, 637 N.E.2d 1325, 1328 (Ind.Ct.App. 1994) (holding that "date on which a mortgage is recorded is dispositive for determining its priority with respect to a mechanic's lien").

In *Zehner v. Johnston*, the issue addressed was whether the statute existing at the time—which was nearly identical to the present statute—provided that a mechanic's lien was "superior to the mortgage lien" of a defendant. 22 Ind.App. 452, 452, 53 N.E. 1080, 1082 (1899). The *Zehner* court held that a mortgage lien was superior to a mechanic's lien if the mortgage was recorded *before* the mechanic's work was begun or materials furnished. *Id.* at 458, 53 N.E. at 1082. The facts in that case showed that the owners of real property contracted with Zehner on June 16, 1896,

---

1. Bank One is not a party to this appeal.

to complete work on a greenhouse. Also in June 1896, the owners of the realty executed a mortgage to a third party, who then recorded the mortgage, thereby perfecting the mortgage lien. Zehner began furnishing materials for the greenhouse on August 18, 1896. Meanwhile, the mortgage executed by the owners had been transferred to Citizen's Bank. Because of non-payment, the bank foreclosed on the mortgage. Zehner sought to recover for his labor and materials and argued that his mechanic's lien was senior to the bank's mortgage. Although it is not clear from our reading of *Zehner* when the mechanic's lien was recorded, the trial court held that Zehner's mechanic's lien was junior to the mortgage. The Appellate Court affirmed the trial court, noting that "the mortgage was executed and recorded long before the work was done and material furnished for which [Zehner] prosecutes this action." *Id.*

Here, the situation is nearly identical to that in *Zehner*. Although Provident recorded its mortgage on December 3, 1999, Tri–County did not begin its work until June 13, 2000. Borrowing from the *Zehner* rationale, "the mortgage was executed and recorded long before the work was done and materials furnished" by Tri–County. *Id.* Thus, with respect to the land and buildings, Tri–County's lien is clearly junior to Provident's.

*III. Indiana Code Section 32–28–3–2*[2]

█ Keeping in mind the seniority of Provident's mortgage lien over the land and buildings, Indiana Code section 32–28–3–2, our mechanic lien statute, asserts, in relevant part:

   (a) The entire land upon which the building, erection, or other improvement is situated, including the part of the land

not occupied by the building, erection, or improvement, is subject to a lien to the extent of the right, title, and interest of the owner for whose immediate use or benefit the labor was done or material furnished.

   (b) If:

   . . .

   (2) the land is encumbered by mortgage; the lien, so far as concerns the buildings erected by the lienholder, is not impaired by forfeiture of the lease for rent or foreclosure of mortgage. The buildings may be sold to satisfy the lien and may be removed not later than ninety (90) days after the sale by the purchaser.

The plain language of this statute protects the mechanic lien holder inasmuch as it protects his priority as to the *improvement* for which he provided the labor and materials. The statute contemplates that the holder of a mechanic lien may sell the improvements to satisfy the lien and remove them within ninety days of the sale date. Here, Tri–County has priority as to the improvement: the driveway. Thus, under Indiana Code section 32–28–3–2(b), Tri–County could have sold and removed the driveway.

The trial court did not enter findings of fact and conclusions of law but its order essentially adopted Tri–County's argument that its "lien has priority over any mortgages." Appellant's App. p. 57. Such a proposition, however, eviscerates the intent behind Indiana Code section 32–21–4–1(b). The trial court's decision effectively gave a later-recorded mechanic lien priority over a prior-recorded mortgage lien. This was error.

---

2. This statute, recodified during this litigation, was formerly Indiana Code section 32– 8–3–2. P.L. 2–2002 § 128. The statute was not substantively changed.

When read together, Indiana Code sections 32–21–4–1(b) and 32–28–3–2(b) give Tri–County's mechanic lien priority over the improvement—the driveway—only. We acknowledge that separate removal of the driveway poses "practical ramifications." Appellee's Br. p. 7. These "practical ramifications" notwithstanding, such is the result envisioned by both Indiana Code sections 32–21–4–1(b) and 32–28–3–2(b). This result—though perhaps not perfect—effects the intent behind Indiana Code section 32–21–4–1(b), that a prior-recorded lien have priority over a later-recorded lien. Moreover, Tri–County's interest is protected by its priority as to the improvement, as contemplated by Indiana Code section 32–28–3–2(b). This result allows the intent behind both statutes to be fulfilled. *See Quakenbush v. Lackey*, 622 N.E.2d 1284, 1290 (Ind.1993) ("Where two statutes are in apparent conflict they should be construed, if it can be reasonably done, in a manner so as to bring them into harmony"). In sum, requiring the removal of the driveway may not be the ideal solution. Removal is, however, not impossible and is the solution that effects the intent behind both Indiana Code sections 32–21–4–1(b) and 32–28–3–2(b).

### IV.  Public Policy

In addition to the statutory requirement that Tri–County receive priority as to only the driveway, public policy calls for this result as well. Public policy holds that he who is best able to avoid a loss should bear it. The famous case of *Phelps v. McQuade*, 220 N.Y. 232, 115 N.E. 441 (1917), was the genesis of Uniform Commercial Code section 2–403. In *Phelps*, Gwynne falsely represented himself to a jewel vendor and obtained jewelry on credit from Phelps. Gwynne then sold the jewelry to McQuade. Phelps filed a claim for replevin of the jewelry, arguing that under common law title did not pass to McQuade. The *Phelps* court, however, noted that it was the "intention of the person having title to the goods and delivering them to another" that determined whether good title then passed to a purchaser for value. *Id.* at 442. Thus, the *Phelps* court held that Phelps had to bear the economic loss due to Gwynne's false representation because Phelps had dealt directly with Gwynne.

The Uniform Commercial Code drafters incorporated the sound policy behind the result in *Phelps*. The drafters noted that U.C.C. section 2–403 was "predicated on the policy that where a transferor has voluntarily delivered the goods to a purchaser, he, the transferor, ought to run the risk of the purchaser's fraud as against innocent third parties." U.C.C. § 2–403, comment 4 (2002). The policy is just inasmuch as he who deals directly with a person is in the best position to prevent a financial injury. *See M & K Corp. v. Farmers State Bank*, 496 N.E.2d 111, 112 (Ind.Ct.App.1986) (holding that the "employer is normally in a better position to prevent such forgeries by reasonable care in the selection or supervision of his employees").

We note that "[r]ecording acts were passed for the purpose of providing a place and a method by which an intending purchaser or encumbrancer can safely determine just what kind of a title he is in fact obtaining." *State v. Anderson*, 170 N.E.2d 812, 815, 241 Ind. 184, 190 (1960) (quoting *State v. Young*, 238 Ind. 452, 456, 151 N.E.2d 697, 699 (1958)). Thus, just as he who deals directly with a person is in the best position to protect against losses, a mechanic who fears non-payment for his labor and materials may easily determine whether the property upon which he will work is encumbered. Thus, our decision recognizes the reasoning behind our recording statute and gives effect to the

public policy that places the risk of loss on he who is best able to avoid that loss.

Moreover, we cannot minimize the economic ramifications on the alienation of land were we to hold otherwise. Lenders can currently ensure that mechanics liens will not encumber a property by simply observing the property to determine if work has begun and waiting sixty days prior to making a loan, as a person seeking to establish a mechanic's lien must "file a copy ... in the recorder's office of the County not later than sixty (60) days after the date of the first delivery or labor performed." Ind.Code § 32–28–3–1(i)(2). Were we to allow Tri–County to receive priority over the entire proceeds of a foreclosure sale, a mechanic's lien filed *years after* the recording of a mortgage lien could conceivably "jump to the head of the line." A lender would thus have to factor this risk into its lending calculations, the result of which would be unnecessarily increased interest rates and fees.

### CONCLUSION

In light of the issues addressed, we conclude that Indiana Code section 32–21–4–1(b) provide Provident with priority over the proceeds from a foreclosure sale. However, Indiana Code section 32–28–3–2(b) provides Tri–County with priority as to the driveway. Thus, we reverse the entry of summary judgment in favor of Tri–County and remand this case to the trial court with instructions that it enter summary judgment in favor of Provident.

The judgment of the trial court is reversed.

BROOK, C.J., concurs.

SHARPNACK, J., dissents with opinion.

SHARPNACK, Judge, dissenting.

I respectfully dissent. Tri–County mechanic's lien has priority over Provident's

previously executed and recorded mortgage to the extent of Tri–County's improvement and to hold otherwise is to not give effect to the legislature's intent.

The parties agree that December 3, 1999, is Provident's priority date, and June 13, 2000, is Tri–County's priority date; however, they disagree with respect to how the dates establish priority in accordance with Ind.Code § 32–28–3–2 (2002). The issue here is less about priority in time than about priority as to the improvement which is the subject of the mechanic's lien.

Ind.Code § 32–28–3–1 (Supp.2003) provides that a contractor or other qualified person may have a lien:

[U]pon the:

(1) house, mill, manufactory, or other building, bridge, reservoir, system of waterworks, or other structure, sidewalk, walk, stile, well, drain, drainage ditch, sewer, cistern, or earth:

> (A) that the person erected, altered, repaired, moved, or removed; or

> (B) for which the person furnished materials or machinery of any description; and

(2) on the interest of the owner of the lot or parcel of land:

> (A) on which the structure or improvement stands; or

> (B) with which the structure or improvement is connected;

to the extent of the values of any labor done on the material furnished, or both, including any use of the leased equipment and tools.

I.C. § 32–28–3–1(b).

Further, Ind.Code § 32–28–3–2 governs the extent of a mechanic's lien:

(a) The entire land upon which the building, erection, or other improvement is situated, including the part of the land

not occupied by the building, erection, or improvement, is subject to a lien to the extent of the right, title, and interest of the owner for whose immediate use or benefit the labor was done or material furnished.

(b) If:

\* \* \* \* \*

a. the owner has only a leasehold interest; or

b. the land is encumbered by mortgage;

\* \* \* \* \*

the lien, so far as concerns the buildings erected by the lienholder, is not impaired by forfeiture of the lease for rent or foreclosure of mortgage. The buildings may be sold to satisfy the lien and may be removed not later than ninety (90) days after the sale by the purchaser.

Statutory interpretation is a question of law, which is reserved for the court. *Cullimore v. St. Anthony Med. Ctr., Inc.*, 718 N.E.2d 1221, 1225 (Ind.Ct.App.1999). "Our objective when construing the meaning of a statute is to ascertain and give effect to the legislative intent expressed within the statute." *Id.* Where a statute has yet to be construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction. *Id.* When a statute is clear and unambiguous on its face, we need not interpret the statute. *Id.* Rather, we give the statute its plain and clear meaning. *Id.*

In *Ward v. Yarnelle*, our supreme court addressed the respective priorities between mortgage liens and mechanic's liens. 173 Ind. 535, 549, 91 N.E. 7, 13 (1910), *overruled in part on other grounds by Moore–Mansfield Constr. Co. v. Indianapolis, N.C. & T. Ry. Co.*, 179 Ind. 356, 391,

101 N.E. 296, 309 (1913). There, our supreme court concluded that the statutory precursors to Ind.Code §§ 32–28–3–2, –5 contemplated different scenarios regarding priority and provided the priority for each such scenario. Specifically, our supreme court stated that:

> They may be stated, *first*, as cases where there is no building on the land when the improvement begins, and the land is unincumbered, and so remains. There the liens attach to both realty and the improvement, without distinction or priority among the materialmen or laborers. *Second*, cases where there is no building, but there is a leasehold or the land encumbered. There the existing incumbrances take priority on the land, and the materialman and labor claimant equally upon the building or improvement. *Third*, where some labor is performed, or material is furnished prior to the execution of a mortgage, in which event, upon notice being filed within the statutory period, though after the mortgage is given, the lien reaches back of the mortgage to the time when the work is begun or the material furnished, and gains priority both as to the land and the building. *Fourth*, where the improvement is made after the mortgage is executed, but under a prior contract for the improvement, but no work is done or material furnished until after the mortgage is executed or where the work is all done, and material furnished under the contract later than the mortgage becoming effective as a lien, in which case priority is given on the building alone.

*Id.* at 549–550, 91 N.E. at 13–14 (emphasis added). Our supreme court added that "[t]he history of the legislation on this subject in this state and elsewhere evidences a due regard for prior rights, as conferred by the registration laws, and the object of the legislation was to intervene in

favor of the mechanic or laborer, and secure to him a return for what he has done in enhancement of the value of the land, and still not injure prior lienholders." *Id.* at 551, 91 N.E. at 14. Ultimately, in *Ward*, our supreme court held that a real estate mortgage executed while a building was in the process of construction for the purpose of providing funds to complete the project was entitled to equal priority with the claims of laborers and materialmen who, without prior obligation, furnished labor and materials after execution of the mortgage and with full knowledge of its purpose and effect. *Id.* at 552–554, 91 N.E. at 15; *see also Brenneman Mech. & Elec., Inc. v. First Nat. Bank of Logansport,* 495 N.E.2d 233, 242 (Ind.Ct.App. 1986) (noting that "where mechanics' lien claimants have notice of a mortgage wherein the money derived from the loan is used in the construction of the improvements the mortgage lien and mechanics' liens have equal priority"), *reh'g denied, trans. denied.* Because there is no designated evidence indicting that Provident's mortgage was used for the construction or improvement of the Property and that Tri–County was aware of such use, our supreme court's ultimate holding in *Ward* is not applicable to the facts of this matter.

The United States Bankruptcy Court for the Northern District of Indiana also addressed a similar issue in *Venture Props., Inc. v. Altite Roofing, Inc.,* 139 B.R. 890, 895 (Bankr.N.D.Ind.1990). There, the bankruptcy court applied Indiana law to determine whether a properly executed and recorded mortgage had priority over a subsequent mechanic's lien for the same property. *Id.* at 895. The bankruptcy court likened the matter to *Ward* and held that the mortgage lien and the mechanic's lien shared equal priority where the purpose of the mortgage loan was to finance the construction. *Id.* at 897. However, before reaching this conclusion, the bank-

ruptcy court discussed our supreme court's holding in *Ward* wherein our supreme court outlined the four scenarios contemplated by the statutory precursors to Ind. Code §§ 32–28–3–2, –5. In discussing the fourth such scenario, the bankruptcy court noted that:

> [A] mechanic's lien is inferior to a mortgage lien on land (even when the contract for labor or services is executed prior to execution of the mortgage) if the mechanic, laborer, and/or supplier does not perform labor or furnish materials prior to the execution of the mortgage. In such case the mechanic's lien has priority only as to the improvement itself.

*Id.* at 895 (internal citations omitted); *see also Carriger v. Mackey,* 15 Ind.App. 392, 394–395, 44 N.E. 266, 267 (1896) (holding that the senior mortgages only had priority as to the real estate as it was at time of the execution of the mortgage); Ind.Code § 32–28–3–2(b). The bankruptcy court also noted that the "Indiana Supreme Court in *Ward* found that Indiana Code Chapter 32–8–3 failed to address the lien priority between a mortgage executed to raise funds for construction of improvements on property and the mechanic's liens of those who provided the labor and supplies necessary to complete the construction." *Venture,* 139 B.R. at 895.

In 1999, our legislature amended Ind. Code § 32–28–3–5 and specifically addressed the situation before our supreme court in *Ward* and again discussed by the bankruptcy court in *Venture.* Ind.Code § 32–28–3–5 provides that:

> The mortgage of a lender has priority over all liens created under this chapter that are recorded after the date the mortgage was recorded, to the extent of the funds actually owed to the lender for the specific project to which the lien rights relate. This subsection does not

apply to a lien that relates to a construction contract for the development, construction, alteration, or repair of the following:

(1) A Class 2 structure (as defined in IC 22–12–1–5).

(2) An improvement on the same real estate auxiliary to a Class 2 structure (as defined in IC 22–12–1–5).

Ind.Code § 32–28–3–5(d) does not apply to this case because that provision applies only where funds from the loan secured by the mortgage are for the project which gave rise to the mechanic's lien.[3] In such an instance, the mortgage lien has priority over the mechanic's liens recorded after the mortgage. An exception is made where the project is for a Class 2 structure, in which instance the mortgage would not be superior to the after recorded mechanic's liens. Here, however, there is nothing to indicate that funds from the mortgages were intended for use in constructing the driveway.

Ind.Code § 32–28–3–5(d) does have some relevance however, as it is consistent with the concept that mechanic's liens would be superior to mortgage liens as to the improvements that are the basis for the mechanics liens. Were that not the case, I.C. § 32–28–3–5 would be unnecessary to make the prior mortgage superior to the subsequent recorded mechanics liens.

Here, Tri–County perfected its mechanic's lien on June 13, 2000, approximately seven months after Provident had recorded its mortgage. Tri–County argues that this case is like the fourth scenario in *Ward.* However, there was no agreement

to pave the driveway in place prior to the recording of the mortgage. Rather, their case is most like the second *Ward* scenario, where the mortgage is in place prior to work on improvements. Specifically, *Ward*'s second scenario identified situations where "there [was] no building, but there [was] a leasehold or the land encumbered. There the existing incumbrances take priority on the land, and the materialman and labor claimant equally upon the building or improvement." Unlike the second scenario, here the mortgage was in place on the land and existing improvements before the driveway was contracted for or constructed. The land with existing improvements here is effectively the same as the vacant land in the *Ward* second scenario. Accordingly, Tri–County's mechanic's lien has priority only as to the improvement, i.e., the driveway.

The majority opinion relies upon *Zehner v. Johnston,* 22 Ind.App. 452, 53 N.E. 1080 (1899) for the proposition that a subsequently perfected mechanic's lien is junior to a previously recorded mortgage. While I do agree with the majority that based upon *Zehner,* Tri–County's mechanic's lien has priority only as to the improvement, i.e., the driveway, I do disagree with the majority's application of *Zehner* when read in conjunction with applicable sections of the Indiana Code. Specifically, Ind.Code § 32–21–4–1(b) must be read and interpreted together with Ind.Code § 32–28–3–2. Although, I.C. § 32–21–4–1(b) provides that a mortgage takes priority "according to the time of its filing," I.C. § 32–28–3–2 provides that when land is encumbered by a mechanic's lien "the entire land upon

---

**3.** Tri–County also argues that it has priority over Provident's mortgage pursuant to Ind. Code § 32–28–3–5. Specifically, Tri–County argues that because I.C. § 32–28–3–5 does not apply to a single family dwelling, a mechanic's lien on a single family dwelling is

senior to a previously recorded mortgage. However, I.C. § 32–28–3–5 does not apply to this case because it applies only where funds from the lien secured by the mortgage are for the project which gave rise to the mechanic lien.

which the building, erection, or other improvement is situated, ... is subject to a lien." However, when the land that is subject to a mechanic's lien is also encumbered by a prior mortgage, the mechanic's lien "is not impaired by ... foreclosure of mortgage," and in order to satisfy the lien, the mechanic's lien holder may remove the improvement. However, as Tri–County suggests, removal of the driveway is impractical and not economically feasible. The majority holds that although the "removal of the driveway poses 'practical ramifications' ... such is the result envisioned by both Indiana Codes sections 32–21–4–1(b) and 32–28–3–2(b)." I respectfully disagree.

Tri–County's priority can be recognized and enforced by giving priority in foreclosure up to the amount of the lien. Public policy favors this result because this conclusion is consistent with the plain reading of Ind.Code § 32–28–3–1 and Ind.Code § 32–28–3–2. I.C. § 32–28–3–1 provides that the mechanic's lien is "upon" the improvement and the interest of the owner of the subject land. I.C. § 32–28–3–2(a) provides that the "entire land upon which the building, erection, or other improvement is situated, including the part of the land not occupied by the building, erection, or improvement" is subject to the mechanic's lien. However, where, as here, the land is also encumbered by a mortgage, I.C. § 32–28–3–2(b)(2) provides that "the lien so far as concerns the building erected by the lienholder, is not impaired by forfeiture of the lease for rent or foreclosure of the mortgage." The fact that it is impractical and harmful to remove the improvement does not require that the mechanic lien holder forfeit its priority as to the improvement created by its efforts. Such priority is the economic equivalent of allowing removal and sale of the improvement. This is the effect of the trial court's summary judgment.

Based upon my review of the relevant case law and statutory authority, I conclude that pursuant to the plain reading of Ind.Code § 32–28–3–2(b), Tri–County's mechanic's lien has priority only as to the improvement, i.e., the driveway, and Provident has priority with respect to all other interest in the Property. Thus, I would hold that Tri–County may foreclose upon the Property subject to Provident's superior mortgage in order to enforce its mechanic's lien on the driveway and it has priority to the proceeds of the foreclosure sale up to the amount of its interest with respect to the driveway.