The **PROVIDENT BANK**,
Appellant–Defendant,

v.

**TRI–COUNTY SOUTHSIDE ASPHALT,
INC.**, Appellee–Plaintiff.

No. 49A02–0304–CV–341.

Court of Appeals of Indiana.

April 14, 2004.

A. Donald Wiles, II., Mark W. Pfeiffer, Harrison & Moberly, Indianapolis, IN, Douglas Haman, Cincinnati, OH, Attorneys for Appellant.

Robert G. Elrod, Jonathan R. Elrod, Elrod & Mascher, Indianapolis, IN, Attorneys for Appellee.

## OPINION—ON REHEARING

BAKER, Judge.

Appellant-plaintiff Tri–County Southside Asphalt, Inc. (Tri–County) brings this petition for rehearing. We grant this petition for the purpose of addressing the course of proceedings following our opinion issued on February 27, 2004.[1]

Tri–County notes our opinion, reported as *The Provident Bank v. Tri–County Southside Asphalt, Inc.*, 804 N.E.2d 161 (Ind.Ct.App.2004), determined that Provident's mortgage was senior to Tri–County's mechanic lien. On rehearing, Tri–County notes that the trial court's order granting summary judgment in favor of Tri–County also provided for damages, attorney fees, authorization to commence foreclosure proceedings, and priority over the proceeds granted in favor of Tri–County and against Provident and Bank One. Tri–County asks that we address these issues, as the trial court will face them upon remand.

■ Tri–County is incorrect in its determination that its mechanic lien is superior to Bank One's mortgage. For the reasons established in our original opinion and because Bank One recorded its mortgage on February 5, 1999, its mortgage is superior to Tri–County's even though Bank One did not join Provident's appeal.

■ Tri–County also questions the validity of its mechanic lien, damages, and attorney fees. The validity of Tri–County's mechanic lien was never contested. The parties were contending only with the priority of the security interests in the property. Consequently, Tri–County is entitled to commence foreclosure proceedings and recover the value of its lien and the attorney fees provided for in our mechanic lien statute *after* Provident and Bank One's mortgages are satisfied.

■ Further, as we stated in our original opinion, Tri–County is entitled to priority as to any proceeds from the sale of the driveway, and, as noted by Tri–County, any recovery from foreclosure proceedings will be reduced by the proceeds from the driveway's sale.

Accordingly, we grant Tri–County's petition for rehearing on this basis. In all other respects, our original opinion stands.

BROOK, Senior Judge, concurs.

SHARPNACK, J., dissents with opinion.

SHARPNACK, Judge, dissenting.

I respectfully dissent. In the majority's opinion on rehearing, it addresses Tri–County's claim that its mechanic's lien is superior to Bank One's mortgage because Bank One did not appeal the trial court's grant of summary judgment, and the majority concludes that Bank One's mortgage is superior to Tri–County's mechanic's lien for reasons established in its original opinion. I disagree. For reasons consistent with my dissenting opinion, I conclude that Tri–County's mechanic's lien is superior to Bank One's mortgage up to the amount of Tri–County's mechanic's lien.

The majority also notes that Tri–County may sell the driveway and use the pro-

---

1. We deny Tri–County's request to reconsider our February 27, 2004 opinion on public poli- cy grounds and in light of the dissent's comments.

ceeds from the sale to satisfy the lien, and adds that if the mechanic's lien holder elects not to sell the improvement, it may foreclose on its mechanic's lien only after all superior mortgages are satisfied. I disagree. As I noted in my dissenting opinion, when it is impractical and harmful to remove the improvement, the law does not require a mechanic's lien holder to forfeit its priority as to the improvement created by its efforts.

Accordingly, I would grant Tri–County's petition for rehearing.