**TOWN OF CHANDLER, Indiana,**
**Appellant–Respondent,**

v.

**INDIANA–AMERICAN WATER**
**CO., Appellee–Complainant,**

and

**Town of Newburgh, Indiana, Appellees/Complainant/Statutory Party/Intervenor.**

No. 93A02–0801–EX–00005.

Court of Appeals of Indiana.

Sept. 8, 2008.

Phillip J. Fowler, David T. McGimpsey, Christopher M. York, Bingham McHale LLP, Indianapolis, IN, Attorneys for Appellant.

Daniel W. McGill, Nicholas K. Kile, P. Jason Stephenson, Barnes & Thornburg LLP, Indianapolis, IN, Attorneys for Appellee Indiana–American Water Company, Inc.

Mark W. Cooper, Indianapolis, IN, Attorney for Appellee Town of Newburgh, Indiana.

## OPINION

MATHIAS, Judge.

The Town of Chandler ("Chandler") appeals from the order of the Indiana Utility Regulatory Commission ("the Commission") granting the relief requested by the petition of Indiana–American Water Co. ("Indiana–American") and denying Chandler's motion to dismiss. Upon appeal, Chandler claims: (1) that the Commission has been statutorily deprived of the authority to hear the dispute at issue, and (2) that the Commission's ruling violates Article 1, Section 23 of the Indiana Constitution.

We affirm.

### Facts and Procedural History

Chandler is a town in Warrick County, Indiana, with a population of less than 7,500. Chandler owns and operates a water utility for the delivery of water to the public within and around the corporate limits of the town. Chandler's water utility is a "municipally owned utility." *See* Ind.Code § 8–1–2–1(h) (2001). Indiana–American owns a water utility for the delivery of water to the public throughout numerous communities in Indiana, including Warrick County. Indiana–American is a "public utility." *See* I.C. § 8–1–2–1(a).

Chandler and Indiana–American both provide water service to areas of Warrick County which lie within four miles of the corporate boundaries of both Chandler and Newburgh, another town in Warrick County. Chandler and Indiana–American serve neighboring properties, and, in some places, their water lines cross or are located on two sides of the same street.

This system of competing water utilities made it difficult for Chandler to plan improvements and extensions of its water utility system. Therefore on August 21, 2006, Chandler adopted Ordinance 2006–13, which provided that Chandler's water

utility would be the exclusive service provider within the four mile area surrounding the town. Chandler adopted this ordinance pursuant to Indiana Code sections 36–9–2–14 and 36–9–2–18 (2006). Section 14 provides that a municipality "may regulate the furnishing of water to the public" and may "establish, maintain, and operate waterworks." Section 18 provides that a municipality may exercise the powers granted by Section 14 "in areas within four (4) miles outside its corporate boundaries."

In response to this ordinance, Indiana–American filed a complaint with the Commission on October 3, 2006, requesting that the Commission determine that unincorporated areas in the four mile area surrounding Chandler were open to competition for water customers. Chandler then adopted Ordinance 2006–17, which excluded from its scope areas within the corporate limits of other municipalities, but otherwise restated the essential provisions of Ordinance 2006–13. In response to this, Indiana–American filed an amended complaint with the Commission.

On October 25, 2006, Chandler filed an action for declaratory judgment in Warrick Superior Court, asking that the court declare the Chandler ordinance valid and that Chandler was the exclusive provider of water utility service to the area in question. On December 22, 2006, Indiana–American filed a motion to dismiss this action. After briefing, the trial court stayed the action before it pending the outcome of the Commission's decision.

On November 22, 2006, Chandler filed a motion to dismiss the action before the Commission, claiming that the Commission lacked subject-matter jurisdiction to hear the case. The Presiding Officers of the Commission denied this motion to dismiss, and on March 28, 2007, this decision was affirmed upon appeal to the full Commission. On March 30, 2007, Chandler filed a notice of appeal from the Commission's decision and a motion to stay the action before the Commission pending the appeal.

On May 7, 2007, Chandler filed with the Commission a notice of the enactment of H.E.A. 1722, a second motion to dismiss, and a request to withdraw the motion to stay. In this second motion to dismiss, Chandler argued that H.E.A. 1722 amended Indiana Code section 8–1–2–86.5 to clearly remove Chandler from the jurisdiction of the Commission.

On June 18, 2007, Chandler requested that the Commission vacate the scheduled hearing on Indiana–American's complaint because the Commission had not yet ruled on Chandler's pending second motion to dismiss. Chandler argued in the alternative that, even if the Commission did not grant its motion to dismiss, then Newburgh should be added to the action as an indispensable party. Apparently, Newburgh had passed its own ordinance regulating the provision of sewer and water services within the four mile area surrounding its boundaries, and the four mile area surrounding Newburgh overlapped with the four mile area surrounding Chandler. The Commission then continued the hearing on Indiana–American's complaint to August 3, 2007.

On June 25, 2007, this court remanded Chandler's appeal of the denial of its first motion to dismiss in order to allow the Commission to rule on Chandler's second motion to dismiss. Our order allowed Chandler to raise any issue involving the denial of its first motion to dismiss in any subsequent appeals from the Commission in this case.

On July 13, 2007, Newburgh filed a petition with the Commission to intervene, which the Commission granted. Chandler then filed a cross-claim against Newburgh, arguing that, if the Commission did have

jurisdiction to hear the matter, then Newburgh's ordinance was void. Newburgh filed a motion to dismiss the cross-claim, which the Commission granted on October 23, 2007, as not being ripe for review.

Ultimately, the Commission held a hearing on the Indiana–American complaint on September 24, 2007. On December 5, 2007, the Commission issued an order denying Chandler's second motion to dismiss, granting Indiana–American's requested relief, and providing that Indiana–American could provide water service to a prospective customer that reasonably demanded service within the four mile area around Chandler, regardless of the Chandler ordinances to the contrary. Chandler now appeals.

## Standard of Review

█ In its appellant's brief, Chandler insists that the issue before us is simply one of statutory interpretation. As such, Chandler claims that our standard of review is *de novo*. *See Cotton v. Ellsworth,* 788 N.E.2d 867, 869 (Ind.Ct.App.2003) (noting that review of trial court's interpretation of statutes is a question of law which we review *de novo*). Indiana–American claims that we are reviewing the construction of a statute by an administrative agency, and notes that a reviewing court should generally accept an agency's reasonable interpretation of the statutes and regulations it is charged to enforce. *Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.,* 865 N.E.2d 660, 665 (Ind.Ct.App.2007).

In its reply brief, Chandler acknowledges that reviewing courts should generally defer to administrative agencies when reviewing the agency's interpretation of a statute it is charged to enforce, but still claims that the appropriate standard of review in this case should be *de novo*. Chandler cites cases which state that when the statute at issue defines the jurisdiction

of the administrative agency, there is an exception to this general rule of deference to an administrative agency's interpretation of a statute. Specifically, Chandler cites *Nextel West Corp. v. Indiana Utility Regulatory Commission,* 831 N.E.2d 134 (Ind.Ct.App.2005), *trans. denied,* wherein the appellees urged the court to review the Commission's jurisdictional determination under the deferential standard set forth above. The court, however, agreed with the appellants that the jurisdictional issue presented was "a legal question that we review *de novo*." *Id.* at 140–41. In support of its position, the *Nextel West* court cited *Indiana Bell Telephone Co., Inc. v. Indiana Utility Regulatory Commission,* 715 N.E.2d 351 (Ind.1999). In that case, our supreme court held that the question of the Commission's jurisdiction under Indiana Code section 8–1–2–83(a) was a legal question subject to *de novo* review upon appeal. *Id.* at 354 (citing *Pub. Serv. Comm'n of Ind. v. City of Indianapolis,* 235 Ind. 70, 82–83, 131 N.E.2d 308, 312–13 (1956)).

Indiana–American has filed a motion in this court to strike what it terms as "new arguments" in Chandler's reply brief or, in the alternative, to file a surreply to Chandler's new arguments. In this motion, Indiana–American cites Indiana Appellate Rule 46(C) in support of its claim that Chandler has impermissibly presented a new argument regarding the standard of review in its reply brief. Indiana Appellate Rule 46(C) provides in relevant part, "The appellant may file a reply brief responding to the appellee's argument. No new *issues* shall be raised in the reply brief." (emphasis added). *See also Felsher v. University of Evansville,* 755 N.E.2d 589, 593 n. 6 (Ind.2001) (holding that *issue* raised for the first time in reply brief was waived).

■ Here, the *issue* of the standard of review was presented to this court in Chandler's appellant's brief. Indeed, the issue of the standard of review is always before us as an appellate court in every case. The parties need not present the standard of review as an issue before we may address it. To apply Appellate Rule 46(C) in the manner which Indiana–American urges would mean that this court could not apply the appropriate standard of review if a party misstated the standard of review in its briefs. The parties may choose their arguments, but they do not choose the standard of review applicable to their case. *See Dominiack Mechanical, Inc. v. Dunbar*, 757 N.E.2d 186, 188 n. 1 (Ind.Ct.App.2001) (appellee's failure to challenge issue upon appeal does not relieve us of our obligation to correctly apply the law to the facts in the record).[1]

■ We therefore conclude that the issue of the standard of review is always before us as an appellate court. Although we often rely upon the parties to supply us with the appropriate standard of review to be used, the failure of a party to properly cite the appropriate standard of review does not preclude us from applying the appropriate standard ourselves. We therefore follow *Nextel West*, 831 N.E.2d at 141, and the binding precedent of our supreme court in *Indiana Bell*, 715 N.E.2d

at 354, and apply a *de novo* standard of review because the statute at issue here is not one which the Commission is charged to enforce; it instead sets forth the jurisdiction of the Commission to hear certain disputes.[2]

## I. Construction of Indiana Code section 8–1–2–86.5

■ The first and often the last step in interpreting a statute is to examine the language of the statute. *Golden Rule Ins. Co. v. McCarty*, 755 N.E.2d 1104, 1107 (Ind.Ct.App.2001), *trans. denied*. When confronted with an unambiguous statute, we do not apply any rules of statutory construction other than to give the words and phrases of the statute their plain, ordinary, and usual meaning. *Id.*

Indiana Code section 8–1–2–86.5 (2007) provides:

(a) As used in this section, "four (4) mile area" means the area within four (4) miles of a municipality's corporate boundaries.

(b) Except as provided in subsection (c), the commission, after notice and hearing, may, by order, determine territorial disputes between all water utilities.

---

1. The cases cited by Indiana–American in support of its claim that the failure to cite the proper standard of review somehow waives the standard of review are distinguishable. In *Wheatley v. American United Life Insurance Co.*, 792 N.E.2d 927, 932 n. 2 (Ind.Ct.App. 2003), *trans. denied*, the new argument presented amounted to an entirely different issue, and this new issue was not about the standard of review. Similarly, in *Gordon v. Purdue University*, 862 N.E.2d 1244, 1249–50 (Ind.Ct. App.2007), the new argument was the entirely new issue of the propriety of the decision of the motion panel of this court, and again the standard of review was not at issue. In *Kendall v. State*, 886 N.E.2d 48 (Ind.Ct.App.

2008), *trans. denied*, the appellant did not cite the proper, and more defendant friendly, standard of reviewing claims of ineffective assistance of appellate counsel. *Id.* at 53 n. 3. The court noted that "[a] strict reading of our appellate rules would render this standard waived[.]" *Id.* The court nevertheless applied the proper standard of review. *Id.* Thus, the language in *Kendall* suggesting that a standard of review can be waived is, at most, *dicta*.

2. Ultimately, this is of little import, as we agree with the Commission's interpretation of Section 86.5.

(c) This subsection applies only to a municipality:

(1) having a population of less than seven thousand five hundred (7,500); and

(2) that, as of January 1, 2007, has adopted an ordinance exercising the power to regulate the furnishing of water to the public granted by IC 36–9–2–14 within a four (4) mile area.

The commission may not determine a territorial dispute within a four (4) mile area unless the territorial dispute concerns a geographic area located in more than one (1) four (4) mile area.

While perhaps not a model of clarity, this statute is susceptible to a clear interpretation by simply giving the words their plain and ordinary meaning.

Subsection 86.5(a) sets forth the definition of the term "four (4) mile area" to be used throughout this section, i.e., the area within four miles of a municipality's corporate boundaries.[3] Subsection 86.5(b) sets forth the generally applicable rule of the statute: the Commission may, after notice and hearing, determine by order territorial disputes between all water utilities.[4]

Subsection 86.5(c) provides the exception to this generally applicable rule. Before explaining the exception, subsection (c) first sets forth the parameters thereof: the exception applies only to a municipality (1) which has a population of less than 7,500, and (2) which, as of January 1, 2007, has adopted an ordinance exercising the power to regulate the furnishing of water to the public within a four mile area as granted by Indiana Code section 36–9–2–

14. If these two conditions are met, then the Commission may not determine a territorial dispute within a four mile area. It is undisputed that Chandler has met these two conditions. If this was all subsection (c) provided, then Chandler would be correct in its assertion that the Commission was without power to determine the dispute between it and Indiana–American.

However, there is an "exception to the exception" contained in subsection (c). Subsection (c) provides that the Commission may not determine a territorial dispute within a four mile area of a municipality that meets the two conditions of the exception "unless the territorial dispute concerns a geographic area located in more than one (1) four (4) mile area." This is the portion of the statute at issue.

Chandler contends that both the exception and the exception to the exception apply only to what it refers to as "qualified municipalities," i.e. those municipalities which meet the conditions of subsection (c)(1) and (c)(2). In other words, Chandler contends that, if a municipality meets the conditions of subsection (c)(1) and (c)(2), then the Commission may not determine a territorial dispute within that municipality's four mile area, but that the Commission may determine a territorial dispute within a four mile area if the territorial dispute concerns a geographic area located within more than one four mile area of municipalities, of which all have a population of less than 7,500 and have adopted an ordinance to regulate the furnishing of water within their four mile areas. According to Chandler, because Newburgh does

3. As mentioned above, a municipality may regulate the furnishing of water to the public and may establish, maintain, and operate a waterworks in the areas within four miles outside of its corporate boundaries. I.C. §§ 36–9–2–14 and –18.

4. Prior to its amendment in 2007, this general rule was all that Section 86.5 provided. *See* Ind.Code § 8–1–2–86.5 (West 2001) (providing that "[t]he commission, after notice and hearing, may, by order, determine territorial disputes between all water utilities.").

not meet these qualifications, the exception to the general authority of the Commission applies, and the Commission is without authority to determine the territorial dispute between it and Indiana–American. Although this is a creative interpretation, we are unable to agree with Chandler's reading of the statute.

Subsection (c) provides that, if a municipality has a population of less than 7,500 and has passed the appropriate ordinance to regulate the furnishing of water within its four mile area, then the Commission is without power to determine a territorial dispute within that four mile area unless the territorial dispute concerns a geographic area located in *more than one four mile area.* The term "four mile area" is specifically defined by subsection (a) as the area within four miles of a municipality's corporate boundaries. Thus, a plain reading of this section leads us to conclude that the exception to the exception applies whenever the territorial dispute concerns an area located within more than one four mile area of *any* municipality, not just those "qualified municipalities" which meet the conditions of subsection (c)(1) and (c)(2).

Here, it is undisputed that the territorial dispute in question concerns a geographic area which lies within more than one four mile area, as that term is defined by statute. As such, the exception to the exception is applicable, and the Commission rightly determined that it had the authority to determine the territorial dispute between Chandler, Indiana–American, and Newburgh.[5]

## II. Privileges and Immunities Clause

 Chandler claims that the Commission's alleged "disparate treatment" of Chandler and Indiana–American violates Article 1, Section 23 of the Indiana Constitution. This provision of the Indiana Constitution provides that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." Fatal to Chandler's argument is the holding of our supreme court in *Board of Commissioners of Howard County v. Kokomo City Plan Commission,* 263 Ind. 282, 330 N.E.2d 92 (1975). In that case, the county argued that a statute violated Article 1, Section 23. Our supreme court succinctly held, "A municipal corporation, in this case, a county, is not a citizen of Indiana." *Id.* at 294, 330 N.E.2d at 100. *See also Board of Commissioners of Allen County v. Jones,* 457 N.E.2d 580, 587 (Ind.Ct.App.1983) (citing *Howard County* for the proposition that Article 1, Section 23 is unavailable to a municipal corporation). Because Chandler is a municipality, it is not a citizen, and Article 1, Section 23 is inapplicable to the present case.

## Conclusion

The Commission rightly determined that Indiana Code section 8–1–2–86.5 did not

5. Chandler's reference to the affidavit of Representative Stilwell is not dispositive. Chandler claims that this affidavit, which it admits is not binding, may nevertheless be "relevant and useful in determining legislative purpose[.]" Br. of Appellant at 17 (quoting *Ind. Aeronautics Comm'n v. Ambassadair, Inc.,* 267 Ind. 137, 144, 368 N.E.2d 1340, 1344 (1977)). Even that case recognizes, however, that the court must still make an independent determination of the statute. *Id.* Furthermore, our supreme court has more recently explained that while "a court may look to the journals of the two legislative bodies to infer legislative intent ... the motives of individual sponsors of legislation cannot be imputed to the legislature, absent statutory expression." *O'Laughlin v. Barton,* 582 N.E.2d 817, 821 (Ind.1991); *see also City of Huntingburg v. Phoenix Natural Res.,* 625 N.E.2d 472, 475 (Ind.Ct.App.1993) (citing *O'Laughlin* in holding that trial court erred by basing its decision regarding the meaning of a statute on Senator's testimony).

deprive it of authority to determine the territorial dispute between Chandler and Indiana–American. In addition, the Commission's decision does not violate Article 1, Section 23 of the Indiana Constitution because Chandler is not a "citizen" to which this constitutional provision applies.

Affirmed.

BAKER, C.J., and BROWN, J., concur.