**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 23 2014, 7:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFRY G. PRICE**
Peru, Indiana

ATTORNEY FOR APPELLEE:

**MATTHEW S. LOVE**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL NERO,    )
    )
    Appellant-Defendant,    )
    )
    vs.    )    No. 52A02-1312-MF-1017
    )
CITIMORTGAGE, INC.,    )
    )
    Appellee-Plaintiff.    )

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable Daniel C. Banina, Judge
Cause No. 52D02-1212-MF-436

**May 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Michael Nero appeals from the trial court's entry of summary judgment in favor of Citimortgage, Inc. in its mortgage foreclosure action with respect to property Nero was leasing with the option to purchase on contract from J.L. Morgan, Jr., the mortgagor.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 24, 2002, Morgan executed and delivered to Prime Rate Lending, Inc. a promissory note in the original principal sum of $38,000.00. Prime Rate Lending is named as the payee. On the same date, as security for repayment of the sums due and owing under the promissory note, Morgan executed a mortgage granting a security interest in the property at issue ("the mortgaged property") to Prime Rate Lending. That mortgage was recorded on July 2, 2002. The promissory note was later assigned to Citimortgage.

Nero and Morgan executed an agreement for the lease with the option to purchase the mortgaged property. The agreement was dated May 2, 2005, signed on June 25, 2005, and recorded on June 9, 2006. Nero became aware sometime in 2009 that Morgan was not making the mortgage payments to Citimortgage. On August 12, 2009, Nero and Morgan signed a letter in which Morgan granted Nero permission to access his mortgage account, make payments on that account, and inquire about the account. Nero then began making payments directly to Citimortgage. Morgan died on April 19, 2010, and no estate was opened.

On December 20, 2012, Citimortgage filed a complaint on the promissory note to foreclose on the mortgaged property. In the complaint, Citimortgage contended that it had actual possession of the original promissory note, and the last payment Citimortgage had

received was for the payment due on May 1, 2011. Although other defendants were named, Citimortgage also named, in addition to Nero, the unknown heirs and devisees of Morgan as defendants to the action to answer as to the interests they might have in the mortgaged property.

Nero filed an answer to the complaint, denying that Citimortgage was entitled to foreclose upon the mortgaged property. Citimortgage filed a motion for summary judgment and decree of foreclosure, to which it attached an affidavit claiming that Citimortgage was in actual possession of the original promissory note, and a publisher's certificate establishing the dates the notice of suit was published in the Peru Tribune. Nero filed an affidavit in opposition to Citimortgage's motion for summary judgment in which he alleged that, after contacting Citimortgage, he made regular payments directly to Citimortgage to be credited on that account. In support of that contention, Nero attached a copy of a check made payable to Citimortgage in the amount of $1,580.30, dated December 14, 2009. Nero asserted that Citimortgage was not legally authorized to foreclose on the mortgage because Nero had continued to pay the property taxes, kept the property insured, and had been in possession of the real estate since May 2005.

The trial court held a hearing on September 23, 2013, took the matter under advisement, and subsequently entered its order granting summary judgment in favor of Citimortgage on November 7, 2013. Nero now appeals.

## DISCUSSION AND DECISION

On appeal from a grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind.

3

Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.*, 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied*. We stand in the shoes of the trial court and apply a de novo standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM*, 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares*, 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*.)

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

4

Nero claims that the trial court erred by entering summary judgment when there were genuine issues of material fact regarding payments that he made to Citimortgage, there was no determination of the identity of Morgan's heirs, and where Citimortgage had unclean hands. Citimortgage counters by arguing that Nero, who was not a party to the promissory note or mortgage, lacked standing to raise his assertions, which appear to be based on breach-of-contract principles. In the alternative, Citimortgage claims that the trial court's judgment should stand because Nero has failed to raise a genuine issue of material fact precluding summary judgment.

Nero was not a party to the promissory note or the mortgage; therefore, his rights and what would be beneficial to him were not contemplated by those documents. *See OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314-15 (Ind. 1996) (generally only parties to contract or those in privity have rights). Nonetheless, Citimortgage named Nero as a defendant to answer to his interest in the mortgaged property. Thus, we reject Citimortgage's challenge of Nero's standing in this appeal. *See Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743, 749 (Mich. 1993) (plaintiff could not challenge standing of defendant plaintiff named in complaint).

Therefore, we address Nero's claims on appeal. In doing so, consistent with our standard of review, we look to the designated evidence. Nero alleges that he was given permission to access Morgan's mortgage account, make payments, and make inquiries. Nevertheless, there is no evidence that the parties to the mortgage and promissory note changed or were affected by this agreement. Additionally, the evidence shows Nero submitted a check made payable to Citimortgage in the amount of $1,580.30 dated

5

December 14, 2009. Citimortgage's complaint alleges that no payments were received or made after the payment due on May 1, 2011. Nero has designated no evidence to the contrary to raise a genuine issue of material fact that payments were made after that date. Instead, Nero has stated in his affidavit that payments were regularly made after the December 13, 2009 payment. While we accept that as true, Nero has failed to establish that payments were made after the date alleged in the complaint.

In *Otto v. Park Garden Associations*, 612 N.E.2d 135 (Ind. Ct. App. 1992), we discussed the evidence required to show the existence of a genuine issue of material fact in a mortgage foreclosure action. This case is distinguishable, however, because unlike the present case, *Otto* involves the parties to the promissory note and mortgage agreement. Notwithstanding that distinction, in *Otto*, after noting that the mortgagees designated evidence to show the note, the debt, and consistently late payments as evidence of default, we observed the following about the mortgagors' burden once that showing has been made:

> At this point, it was up to Ottos to set forth specific facts demonstrating the existence of genuinely disputed issues which would preclude summary judgment. The Ottos did nothing of the sort. Instead, the Ottos merely asserted in their reply (without providing any evidence) that at the time they received Park Gardens' acceleration notice, the Ottos were not in default. They did not include cancelled checks or any other evidence which would have allowed the trial court to find that the issue of default should be decided at trial. It was up to the trial court to determine, based on the undisputed facts before it, the ultimate fact of default based on evidence presented by the parties. Therefore, Ottos' conclusory statements did not constitute the type of factual showing necessary under T.R. 56(E) to avoid summary judgment.

612 N.E.2d at 139.

Here, Citimortgage designated the promissory note, the mortgage, an affidavit acknowledging actual possession of the original note, and an affidavit from the vice-

6

president of document control at Citimortgage, setting forth the remaining principal balance, interest due, pre-acceleration late charges, escrow-deficiency real estate taxes, and hazard insurance paid. In response, Nero submitted an affidavit denying that he was in default of his contract with Morgan, confirming that with Morgan's consent Nero was making payments directly to Citimortgage, attaching a copy of the December 2009 check to Citimortgage, and averring that he continued to make mortgage payments after December 2009, made property tax payments, and kept the mortgaged property insured. Nero denied that Citimortgage was legally authorized to foreclose on the mortgaged property. In sum, Nero failed to designate evidence to show that the mortgage was not in default on June 1, 2011.

Additionally, Nero challenges the trial court's entry of summary judgment in the absence of a determination of Morgan's heirs. Nero correctly observes the general rule that title to real estate vests immediately and absolutely in a person's heirs upon death. *See Demma v. Forbes Lumber Co.*, 181 N.E.2d 253, 255 (Ind. Ct. App. 1962). His argument continues though, that unless all of the record owners of the mortgaged property participate in the action it is impossible to pass good title to mortgaged property at a mortgage foreclosure sale. However, where there is no evidence of a mortgage foreclosure sale, as in the present case, the argument is not ripe on appeal. The record reflects that because no estate was opened by Morgan's heirs after Morgan's death, Citimortgage named the unknown heirs of Morgan in its foreclosure complaint to answer to their interest in the property. The record further reflects that those unknown heirs were served by publication in the Peru Tribune. None of Morgan's heirs answered Citimortgage's complaint.

7

As we acknowledged in *Deetz v. McGowan*, 403 N.E.2d 1160, 1164 (Ind. Ct. App. 1980), upon the death of a mortgagor, the mortgagee may assert its specific lien as a claim against the estate, or may waive the right to participate in the assets of the estate and rely on the mortgage security in a foreclosure action to satisfy the debt. Mortgage foreclosure actions are essentially equitable actions for the enforcement of a lien against property in satisfaction of a debt. *Songer v. Civitas Bank*, 771 N.E.2d 61, 69 (Ind. 2002); *Skendzel v. Marshall*, 261 Ind. 226, 240, 301 N.E.2d 641, 650 (1973). In *Truitt v. Truitt*, 38 Ind. 16, 26 (1871), our Supreme Court stated as follows:

> A party may take a decree for the foreclosure of a mortgage, or the enforcement of a mechanic's lien, without a personal judgment over against the party liable. This was a proceeding in rem, to enforce a lien on the land, and we are unable to see how the defendants have been injured by the failure to take a personal judgment also.

Citimortgage elected to pursue a judgment in rem and named the unnamed heirs and devisees of Morgan as defendants to answer to their interest in the property. We find no error here and reject Nero's claim that Citimortgage was required to open an estate.

Nero's final salvo against the summary judgment is his contention that he was the equitable owner of the mortgaged property and that since Citimortgage was "in the best position to avoid a loss [it] should bear it." *Appellant's Br.* at 13. Nero claims that the trial court's decision should be reversed because of its failure to fashion an equitable remedy in light of the positions of the parties. Nero cites to *City Savings Bank v. Eby Construction, LLC*, 954 N.E.2d 459 (Ind. Ct. App. 2011) in support of this position; however, that case is inapposite. In *City Savings Bank*, we held that the trial court erred by disregarding statutory directives related to the priority of mortgages over later-recorded mechanic's liens

8

on equitable and public policy grounds. *City Sav. Bank*, 954 N.E.2d at 466. The trial court concluded that the mortgage holder, which sought foreclosure of its mortgages on commercial property and claimed priority over the later-recorded mechanic's lien filed by a construction company, had come to the court with unclean hands. The construction company contended that the mortgagee's mortgages should not be given priority because the mortgagee had allowed a subsequent promissory note and payment to a subsequent contractor when the construction company, which possessed a recorded mechanic's lien, remained unpaid. Noting that equity follows the law, we held that the trial court had erred by ignoring statutory and case law in favor of an equitable remedy. *Id*. at 465.

Here, Citimortgage's mortgage was recorded prior to the recording of the lease with the option to purchase the mortgaged property. To the extent that Nero is contending that Citimortgage had unclean hands by accepting mortgage payments from him, but then seeking foreclosure of the mortgaged property, his argument is unpersuasive. Accepting as true Nero's uncontroverted statements that payments were made and received after December 2009, he has failed to designate evidence showing that he made payments after the date of default alleged and shown by Citimortgage. The trial court did not err by following the law and refusing to exercise its discretion to fashion an equitable remedy.

Nero urges us to direct the Indiana General Assembly to a perceived deficiency in the Indiana Foreclosure Prevention Agreement statutes, Indiana Code chapter 32-30-10.5. He contends that he is prevented from seeking relief via those statutes because a contract buyer like himself does not fall within the statutory definition of debtor, which is limited to the maker of the note secured by the mortgage. Citimortgage correctly observes that

9

this issue is not relevant to the resolution of the issues presented in this appeal because Morgan was the maker of the note secured by the mortgage.  Thus, we offer no opinion on the matter.

Affirmed.

MAY, J., and BAILEY, J., concur.