

FILED
Sep 11 2014, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

## FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**RANDALL J. NYE**
O'Neill McFadden & Willett LLP
Schererville, Indiana

ATTORNEYS FOR APPELLEES:

**PATRICIA P. McCRORY**
**MARC A. MENKVELD**
Katz & Korin, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LEWIS OIL, INC.,                                  )
                                                  )
    Appellant-Third-Party Defendant/              )
    Cross-Appellee,                               )
                                                  )
            vs.                        )    No. 50A03-1311-CP-441
                                                  )
BOURBON MINI-MART, INC. and                       )
ROBERT E. WANAMACHER,                             )
                                                  )
    Appellees-Third-Party Plaintiffs/             )
    Cross-Appellants.                             )

APPEAL FROM THE MARSHALL CIRCUIT COURT
The Honorable Douglas C. Morton, Special Judge
Cause Nos. 50C01-9106-CP-107 and 50C01-9106-CP-107a

**September 11, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Robert E. Wanamacher owned Bourbon Mini-Mart, Inc. ("Mini-Mart"), in Bourbon, Indiana. In 1991, the Indiana Department of Environmental Management ("IDEM") filed a complaint against Wanamacher and Mini-Mart (collectively "Appellees") seeking reimbursement for the cleanup of contaminants from the Mini-Mart property and an adjoining property that once housed a gas station.

Lewis Oil, Inc., was voluntarily dissolved in 1997. In accordance with Indiana Code Section 23-1-45-7, Lewis Oil published a notice of dissolution stating that any claim against it would be barred unless a proceeding to enforce the claim was commenced within two years after publication of the notice. Omitted from the notice was a description of "the information that must be included in a claim" as required by paragraph (b)(2) of the statute.

In 2003, Appellees filed a third-party complaint against Lewis Oil, alleging that it owned and operated underground storage tanks ("USTs") at the adjoining gas station that released petroleum products that contributed to the contamination. Lewis Oil filed a motion for summary judgment asserting that Appellees' claims were time-barred pursuant to Indiana Code Section 23-1-45-7 because the lawsuit was filed more than two years after the notice of dissolution was published. In response, Appellees argued that their claims were not time-barred because the notice did not contain a description of "the information that must be included in a claim." Appellees also filed a motion for partial summary judgment as to whether Lewis Oil owned and operated the USTs. In a summary judgment reply brief, Lewis Oil argued that the notice was valid pursuant to Indiana Code Section 5-3-1-2.3, which

applies to notices published pursuant to statute, because a reasonable person would not be misled by the omission. The trial court denied both parties' summary judgment motions.

In this interlocutory appeal, Lewis Oil contends that the trial court erred in denying its summary judgment motion because a reasonable person would not be misled by the omission in its notice of dissolution. We agree. The requirement that a notice of dissolution describe "the information that must be included in a claim" is clearly intended for the benefit and protection of the dissolved corporation, and the claimant would have firsthand knowledge of the claim. Therefore, we conclude that Lewis Oil's notice of dissolution was valid and that Appellees' claims are time-barred because their lawsuit was filed more than two years after the notice was published. Accordingly, we reverse and remand with instructions to enter summary judgment in favor of Lewis Oil. And because we find Lewis Oil's argument dispositive, we do not address Appellees' arguments on cross-appeal regarding the trial court's denial of their partial summary judgment motion, which we affirm.

**Facts and Procedural History**

The relevant facts are undisputed. In June 1991, IDEM filed a complaint against Appellees, seeking reimbursement for the cleanup of contaminated soil and groundwater from the Mini-Mart property, owned by Wanamacher, and an adjoining property that once housed a Shell gas station in Bourbon.

On November 1, 1997, Lewis Oil was voluntarily dissolved. On November 18, 1997, Lewis Oil filed articles of corporate dissolution with the Indiana secretary of state's office.

On December 18, 1997, Lewis Oil published notice of its dissolution in accordance with

Indiana Code Section 23-1-45-7, which reads in relevant part as follows:

(a) A dissolved corporation may … publish notice of its dissolution and request that persons with claims against the corporation present them in accordance with the notice.

(b) The notice must:

(1) be published one (1) time in a newspaper of general circulation in the county where the dissolved corporation's principal office (or, if none in Indiana, its registered office) is or was last located;

(2) describe the information that must be included in a claim and provide a mailing address where the claim may be sent; and

(3) state that a claim against the corporation will be barred unless a proceeding to enforce the claim is commenced within two (2) years after the publication of the notice.

(c) If the dissolved corporation publishes a newspaper notice in accordance with subsection (b), the claim of each of the following claimants is barred unless the claimant commences a proceeding to enforce the claim within two (2) years after the publication date of the newspaper notice:

(1) A claimant who did not receive written notice under section 6 of this chapter.[1]

(2) A claimant whose claim was timely sent to the dissolved corporation but not acted on.

(3) A claimant whose claim is contingent or based on an event occurring after the effective date of dissolution.

---

[1] Indiana Code Section 23-1-45-6 outlines the procedure by which a dissolved corporation may "dispose of the known claims against it" by providing for written notice to "known claimants." Appellees were not known claimants of Lewis Oil when it was dissolved in November 1997.

4

Lewis Oil published the notice of dissolution in the Warsaw Times-Union, a newspaper of general circulation in Kosciusko County, where Lewis Oil's principal office was last located. The notice read as follows:

> NOTICE OF DISSOLUTION OF LEWIS OIL, INC.
> Notice is hereby given that Lewis Oil, Inc., the "Corporation" has voluntarily dissolved. Any person having claims against said Corporation must file the claim within 2 years after the publication of this Notice. Any claims should be addressed to: Lewis Oil, Inc. c/o Matt Rader, 1802 S. Peppergrass Court, Warsaw, Indiana 46580. Any claim against the Corporation will be barred unless a proceeding to enforce the claim is commenced with [sic] 2 years after the publication of this notice.
> Lewis Oil, Inc.
> By Mildred Rader, President

Appellant's App. at 123.

In December 1997, Appellees filed a third-party complaint against Shell Oil Company and others, alleging that Shell owned and operated the gas station adjacent to the Mini-Mart. In May 1999, Appellees sent a nonparty request for production of documents and subpoenas to Lewis Oil, requesting documents or other physical evidence relating to the Shell station and documents relating to any connection or business relationship between Shell and Lewis Oil. In June 1999, Lewis Oil's former counsel responded to the discovery requests by letter, which stated in pertinent part that Lewis Oil was dissolved on November 18, 1997. Counsel also enclosed copies of jobber contracts between Lewis Oil and Shell.

In June 2003, Appellees filed a second amended third-party complaint, which added Lewis Oil and other third-party defendants. The complaint alleged that Lewis Oil owned and operated USTs at the Shell station that released petroleum products and "contributed to the contamination of the property and groundwater surrounding the Mini-Mart." *Id*. at 102.

5

In August 2008, Lewis Oil filed a motion for summary judgment asserting that Appellees' claims were time-barred pursuant to Indiana Code Section 23-1-45-7 because their lawsuit was filed more than two years after notice of its dissolution was published. Appellees filed a response in opposition to Lewis Oil's summary judgment motion asserting that their claims were not time-barred because the notice omitted "any description of or reference to 'information that must be included in the claim'" pursuant to Indiana Code Section 23-1-45-7(b)(2). *Id*. at 128. Appellees also filed a motion for partial summary judgment as to whether Lewis Oil owned and operated the USTs. Lewis Oil filed a reply brief in support of its summary judgment motion, in which it argued that the notice of dissolution was valid pursuant to Indiana Code Section 5-3-1-2.3, which we address below, because a reasonable person would not be misled by the omission.

After a hearing, the trial court denied both parties' summary judgment motions.[2] This interlocutory appeal followed.

### Discussion and Decision

Lewis Oil and Appellees contend that the trial court erred in denying their respective summary judgment motions. "Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *City Sav. Bank v. Eby Constr., LLC*, 954 N.E.2d 459, 462 (Ind. Ct. App. 2011) (citing Ind. Trial Rule 56(C)), *trans. denied* (2012). "Where, as here, the relevant facts are undisputed and the

---

[2] Lewis Oil included the transcript of the hearing in its appellant's appendix in violation of Indiana Appellate Rule 50(F), which states, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

issue presented on appeal is a pure question of law, we review the matter de novo." *Id.* "The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Because we find Lewis Oil's arguments regarding its summary judgment motion both persuasive and dispositive, we need not address Appellees' arguments on cross-appeal regarding the trial court's denial of their partial summary judgment motion, which we affirm.

The parties do not dispute that Appellees' claims against Lewis Oil would be time-barred if the notice of dissolution fully complied with Indiana Code Section 23-1-45-7(b)(2). Lewis Oil contends that the notice was valid pursuant to Indiana Code Section 5-3-1-2.3, which reads in relevant part as follows:

> (a) A notice published in accordance with this chapter *or any other Indiana statute* is valid even though the notice contains errors or omissions, as long as:
>
>> (1) a reasonable person would not be misled by the error or omission; and
>>
>> (2) the notice is in substantial compliance with the time and publication requirements applicable under this chapter *or any other Indiana statute under which the notice is published.*

(Emphases added.)

"The first and often the last step in interpreting a statute is to examine the language of the statute." *Town of Chandler v. Indiana-American Water Co.*, 892 N.E.2d 1264, 1268 (Ind. Ct. App. 2008). "When confronted with an unambiguous statute, we do not apply any rules of statutory construction other than to give the words and phrases of the statute their plain,

ordinary, and usual meaning." *Id*. Indiana Code Section 5-3-1-2.3 unambiguously applies to "any other Indiana statute" governing publication of notice, and Indiana Code Section 23-1-45-7 is one such statute.[3] Thus, pursuant to Indiana Code Section 5-3-1-2.3, a notice of dissolution published in accordance with Indiana Code Section 23-1-45-7 is valid even though it contains errors or omissions, as long as "(1) a reasonable person would not be misled by the error or omission; and (2) the notice is in substantial compliance with the time and publication requirements applicable under" that statute.[4]

As stated above, Lewis Oil's notice of dissolution informed potential claimants that it had voluntarily dissolved, that any claim should be sent to a certain address in Warsaw, and that any claim would be barred unless a proceeding to enforce the claim was commenced within two years after the publication of the notice. The only omission is a description of "the information that must be included in a claim" against the corporation. Ind. Code § 23-1-45-7(b)(2). Would a reasonable person be misled by this omission? We think not.

---

[3] Appellees contend that Indiana Code Section 5-3-1-2.3 conflicts with Indiana Code Section 23-1-45-7 and that the latter controls because it is more specific. *See, e.g.*, *Nordman v. N. Manchester Foundry, Inc.*, 810 N.E.2d 1071, 1074 (Ind. Ct. App. 2004) ("When two conflicting statutory provisions appear controlling, the statute dealing with a subject in a specific manner controls over the statute dealing with the same subject in general terms."). We disagree. By its plain language, Indiana Code Section 5-3-1-2.3 is applicable to Indiana Code Section 23-1-45-7 and thus does not conflict with it.

[4] Appellees highlight the following language from *United States v. SCA Services of Indiana, Inc.*, 837 F. Supp. 946 (N.D. Ind. 1993): "A corporation is simply not 'dead and buried' until it has fully complied with the applicable state dissolution laws and remains amenable to suit by its creditors." *Id*. at 953. Because the dissolved corporation in that case did not publish a notice of dissolution pursuant to Indiana Code Section 23-1-45-7, and because the district court did not consider Indiana Code Section 5-3-1-2.3, we agree with Lewis Oil that *SCA Services* is inapposite and in any event would not be binding on us. *See Kentner v. Ind. Pub. Employers' Plan, Inc.*, 852 N.E.2d 565, 573 n.9 (Ind. Ct. App. 2006) (noting that federal decisions interpreting Indiana law are not binding on Indiana state courts), *trans. denied* (2007). The same may be said for *United States v. ARG Corp.*, No. 3:10-CV-311, 2011 WL 338818 (N.D. Ind. Jan. 31, 2011), which Appellees also cite.

The requirement that a notice of dissolution describe "the information that must be included in a claim" is clearly intended for the benefit and protection of the dissolved corporation, which could deny a claim on the basis that it does not include the information described in the notice. *See* Ind. Code § 23-1-45-7(a) ("A dissolved corporation may … publish notice of its dissolution and request that persons with claims against the corporation *present them in accordance with the notice.*") (emphasis added).[5] Indiana Code Section 23-1-45-7(b)(2) allows a dissolved corporation to establish the parameters for claims made against it, much as the notice provisions of the Indiana Tort Claims Act allow the State to "prescribe for itself the terms and conditions upon which it consents to be sued." *Januchowski v. N. Ind. Commuter Transp. Dist.*, 905 N.E.2d 1041, 1047 n.4 (Ind. Ct. App. 2009), *trans. denied.*[6] Omitting a description of "the information that must be included in a claim" could actually benefit potential claimants, because the corporation might be precluded from denying a claim solely on the basis that it lacked sufficient information. Regardless, a

_____

[5] Lewis Oil states,

> It is difficult to believe that a claimant would have any real difficulty in preparing a basic statement of their claim. [Nothing] more is required. Indiana is a notice pleading state. To state a claim for relief, it is only necessary to provide a short and plain statement of the claim showing the pleader is entitled to relief. *Ind. Trial Rule 8(A).*

Appellant's Br. at 15. We are unpersuaded by Lewis Oil's reliance on Indiana Trial Rule 8(A), which lists the requirements for stating a claim for relief in a civil action. A claim against a corporation need not be made via a civil action. Indeed, a civil action could be a "proceeding to enforce [a] claim" for purposes of Indiana Code Section 23-1-45-7(b)(3).

[6] *See, e.g.*, Ind. Code § 34-13-3-10 ("The notice … must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.").

9

reasonable person/claimant would not be misled by the omission because he or she would have firsthand knowledge of the claim.

The question then becomes whether Lewis Oil's notice was "in substantial compliance with the time and publication requirements applicable under" Indiana Code Section 23-1-45-7. The "time" requirement is not at issue, and the notice was published in a newspaper of general circulation in Kosciusko County, where Lewis Oil's principal office was last located, in full compliance with the requirements of Indiana Code Section 23-1-45-7.[7] Based on the foregoing, we conclude that Lewis Oil's notice of dissolution was valid pursuant to Indiana Code Section 5-3-1-2.3. And because the notice was valid, Appellees' claims against Lewis Oil are time-barred pursuant to Indiana Code Section 23-1-45-7 because their lawsuit was filed more than two years after the notice was published. Therefore, we reverse and remand with instructions to enter summary judgment in favor of Lewis Oil.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and BAILEY, J., concur.

---

[7] Appellees emphasize that "Mini-Mart is located in Marshall County." Appellees' Br. at 15 n.6. This is irrelevant for purposes of Indiana Code Section 23-1-45-7, as notice must be published only in the county where the dissolved corporation's principal office is or was last located.